## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re:<br><br>Liisa Beth Wilson fdba Liisa B. Wilson Accounting Services fdba Liisa B. Wilson Custom Clothing,<br><br>Debtor | Case No. 14-22739-MER<br><br>(Chapter 13)<br><br>**Honorable Judge Michael E. Romero** |
| Wells Fargo Bank, N.A.,<br><br>v.<br><br>Liisa Beth Wilson, Debtor; and Douglas B. Kiel, Chapter 13 Trustee | |

### Stipulation to Resolve Motion for Relief from Stay and Motion for Acceptance of Stipulated Terms

Comes now, Wells Fargo Bank, N.A., hereinafter "Movant" by and through its attorneys, McCarthy & Holthus, LLP, and the Debtor, by and through their attorneys and requests that this court enter an Order accepting the stipulated terms herein in resolution of the Motion for Relief from Stay, and making said terms an Order of this court:

1. Debtor is indebted to Movant pursuant to a Promissory Note Secured by a Deed of Trust of which Movant is the current holder and Movant has a valid lien on the property as described below.

2. The property (hereinafter "Property") described in the Deed of Trust and the subject of this Stipulation is:

CONDOMINIUM UNIT NO. 67, BUILDING T9, WHISPERING PINES OF DENVER, A CONDOMINIUM IN ACCORDANCE WITH THE DECLARATION RECORDED ON AUGUST 10, 1978 IN BOOK 1722, AT PAGE 674, AND THE CONDOMINIUM MAP RECORDED ON AUGUST 10, 1978 IN BOOK 7, AT PAGE 78 OF THE CITY AND COUNTY OF DENVER RECORDS, CITY AND COUNTY OF DENVER, STATE OF COLORADO.

Purported Common Address: 7755 East Quincy Avenue #67-T9, Denver, CO 80237

3. Debtor failed to pay post-petition payments for 10 months and other fees and costs in the amount of $8,382.22, as follows:

| | |
|---|---|
| 10 Payments (9/1/2017-6/1/2018) at $859.14 | $8,591.40 |
| Partial Payment Suspense: | ($209.18) |
| Total: | $8,382.22 |

1

4. Debtor will pay the post-petition arrears of $8,382.22 as follows:

   A. Debtor will tender a payment in the amount of $1,625.00 to the office of undersigned counsel for Movant (the "Payment"). The Payment shall be made in certified funds made out to Wells Fargo Bank, N.A. The Payment shall be delivered to office undersigned counsel for Movant on or before 5:00pm on **July 13, 2018**.
   B. Debtor will tender a payment in the amount of $1,602.38 to the office of undersigned counsel for Movant (the "Payment"). The Payment shall be made in certified funds made out to Wells Fargo Bank, N.A. The Payment shall be delivered to office undersigned counsel for Movant on or before 5:00pm on **August 15, 2018**.
   C. If the Payment is timely made, Debtor will tender 9 payments in the amount of $572.76 each, over and above her regular monthly payment, beginning with the payment due for the month of **September, 2018** and continuing each month thereafter through **May, 2019**. Said additional amount is to be tendered every month along with the regular monthly mortgage payment on or before the 15th of the month until the post-petition arrears are paid in full, approximately 9 months.

5. Debtor shall make her regular monthly mortgage payments timely to Movant post-petition, or Debtor will be deemed to be in default of this Stipulation. These payments shall be made timely each month, pursuant to the terms of the Note and Deed of Trust, beginning with the payment due for the month of **July, 2018**.

6. A default under this Stipulation occurs if: 1) Debtor(s) fail(s) to make any of the payments that are specifically set forth in this Stipulation; or 2) Debtor(s) fail(s) to make any regular monthly payments to Movant that comes due pursuant to the terms of the Note and Deed of Trust.

7. If defaults occur, Movant shall proceed as follows: Movant will deliver written notice of default to Debtor and/or Debtor's counsel. No more than three default letters will be sent. Movant. Said notice shall be deemed delivered upon placing the same in the US Mail, postage pre-paid and addressed to Debtor at the property address. Said notice will set forth the amount that the Debtor is in default. If the default is not cured within ten days of the date of such notice BY FULL PAYMENT IN CERTIFIED FUNDS, then Movant will file a verified Motion with the Court indicating that the Debtor has failed to comply with the terms of this Stipulation and request that Movant be granted Relief From the Automatic Stay Pursuant to Debtor's agreement under this Stipulation, said relief being effective immediately. Movant will mail copy of the verified motion to the Debtor and/or Debtor's counsel although Debtor(s) agree(s) that said verified motion shall be granted *ex parte* without a hearing.

8. Conversion of this case to a case under Chapter 7 of the United States Bankruptcy Code shall be considered grounds for immediate relief from stay. If this case is converted to a Chapter 7 case, Movant shall proceed as follows: Movant will file a verified Motion with the Court indicating that the Debtor has failed to comply with the terms of this Stipulation and request that Movant be granted Relief from the Automatic Stay pursuant to Debtor's agreement under this Stipulation, said relief being effective immediately. Movant will mail copy of the

verified motion to the Debtor and/or Debtor's counsel although Debtor(s) agree(s) that said verified motion shall be granted *ex parte* without a hearing.

9. The terms of this Stipulation are binding for the duration of this bankruptcy case.

10. If a default occurs and Movant is granted relief from stay, the 14-day stay described by FRBP 4001(a)(3) is waived as to Movant and Movant shall be exempted from further compliance with FRBP 3002.1 for this case.

11. If a default occurs and Movant is granted relief from stay, the trustee will make no further distributions toward Movant's secured claim.

12. The Stipulation will be filed electronically and may be signed in counterpart. Counsel for Movant will keep original or facsimile copies of signatures of all parties shown below on file.

WHEREFORE, the Parties request this Court to enter an Order adopting the terms of this Stipulation as an Order of the Court.

Dated this 27th day of June, 2018.

Dated: _____

Attorney for Movant:

/s/ Ilene Dell'Acqua
Holly Shilliday, Esq. Atty. Reg. No. 24423
Ilene Dell'Acqua, Esq. Atty. Reg. No. 31755
McCarthy & Holthus, LLP
7700 E. Arapahoe Road, Ste. 230
Centennial, CO 80112
Phone: 877-369-6122
Email: idellacqua@mccarthyholthus.com

PRO SE:

Date: _06-28-2018_

[signature]
Liisa Beth Wilson
Phone: 303-396-4209
E-mail: liisabw@gmail.com

Date: _____

Chapter 13 Trustee

[signature] #1786
Douglas B. Kiel
4725 S. Monaco St., Ste. 120     Approved as
Denver, CO 80237                  to Form
Phone: 720-398-4444

3