**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

In re:

LIISA BETH WILSON,

　　　Debtor.

Case No. 14-22739 MER

Chapter 13

**ORDER FOR COMPLIANCE WITH SERVICEMEMBERS CIVIL RELIEF
ACT OF 2003 ("SCRA"), 50 APP.U.S.C. §501 ET SEQ., AND
LOCAL BANKRUPTCY RULES**

　　　THIS MATTER comes before the Court on the Motion for Relief from the Automatic Stay filed by Condominium Association of Whispering Pines of Denver.[1] The Court finds that Movant has failed to comply with the following:

　　　[x]　Local Bankruptcy Rule 4001-1(a)(3) states "[t]he notice of hearing must provide that any objection and request for hearing must be filed by a specific date that is at least seven days prior to the hearing[.]"  The notice of hearing filed with the motion selected a hearing date of January 29, 2019, and set an objection deadline of January 24, 2019.  The movant's chosen objection deadline is less than seven days prior to the hearing.  The proper objection deadline for a hearing to be held on January 29, 2019, should have been January 22, 2019.

　　　[x]　Servicemembers Civil Relief Act of 2003 ("SCRA"), 50 App.U.S.C. §501 et seq., and Local Bankruptcy Rules 4001-(a)(4) 4002-3 require an affidavit that states whether or not the debtor or co-debtor is in the military service, and indicates the necessary facts to support said affidavit.[2]  In this case, no such affidavit has been filed.

　　　Accordingly, IT IS HEREBY ORDERED that Movant must cure the above-noted deficiencies by the cure date listed below, failing which the Motion will be denied without further Order.

**Deficiency Cure Date:  January 14, 2019**

DATED January 7, 2019　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　　　　Michael E. Romero, Chief Judge
　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court

---

[1] ECF No. 95.
[2] The Defense Manpower Data Center (DMDC) has developed a web site to assist parties in obtaining written documentation verifying whether a defendant is in the military service.