```
                        United States Bankruptcy Court
                             District of Colorado
```

In re:                                                      Case No. 14-22739-MER
Liisa Beth Wilson                                           Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 1082-1              User: potters              Page 1 of 1               Date Rcvd: Jan 08, 2019
                                  Form ID: pdf904            Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 10, 2019.
db              +Liisa Beth Wilson,    7755 E. Quincy Ave., #67,    Denver, CO 80237-2312

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 10, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 8, 2019 at the address(es) listed below:
              Angela   Hopkins    on behalf of Creditor    Condominium Association of Whispering Pines of Denver
               Angela@WesternLawGroup.com, angelahopkins14@gmail.com
              Douglas B. Kiel    ecfmail@denver13.com
              Holly R. Shilliday    on behalf of Creditor    Wells Fargo Bank, N.A. bknotice@mccarthyholthus.com,
               hshilliday@mccarthyholthus.com;hshilliday@ecf.courtdrive.com
              Ilene  Dell'Acqua    on behalf of Creditor    Wells Fargo Bank, N.A. bknotice@mccarthyholthus.com,
               idellacqua@ecf.courtdrive.com;idellacqua@mccarthyholthus.com
              US Trustee, 13    USTPRegion19.DV.ECF@usdoj.gov
                                                                                             TOTAL: 5

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero

In re:

LIISA BETH WILSON,

Debtor.

Case No. 14-22739 MER

Chapter 13

ORDER FOR COMPLIANCE WITH SERVICEMEMBERS CIVIL RELIEF
ACT OF 2003 ("SCRA"), 50 APP.U.S.C. §501 ET SEQ., AND
LOCAL BANKRUPTCY RULES

THIS MATTER comes before the Court on the Motion for Relief from the Automatic Stay filed by Condominium Association of Whispering Pines of Denver.[1] The Court finds that Movant has failed to comply with the following:

[x]   Local Bankruptcy Rule 4001-1(a)(3) states "[t]he notice of hearing must provide that any objection and request for hearing must be filed by a specific date that is at least seven days prior to the hearing[.]"  The notice of hearing filed with the motion selected a hearing date of January 29, 2019, and set an objection deadline of January 24, 2019.  The movant's chosen objection deadline is less than seven days prior to the hearing.  The proper objection deadline for a hearing to be held on January 29, 2019, should have been January 22, 2019.

[x]   Servicemembers Civil Relief Act of 2003 ("SCRA"), 50 App.U.S.C. §501 et seq., and Local Bankruptcy Rules 4001-(a)(4) 4002-3 require an affidavit that states whether or not the debtor or co-debtor is in the military service, and indicates the necessary facts to support said affidavit.[2]  In this case, no such affidavit has been filed.

Accordingly, IT IS HEREBY ORDERED that Movant must cure the above-noted deficiencies by the cure date listed below, failing which the Motion will be denied without further Order.

**Deficiency Cure Date:  January 14, 2019**

DATED January 7, 2019          BY THE COURT:

                               Michael E. Romero, Chief Judge
                               United States Bankruptcy Court

---

[1] ECF No. 95.
[2] The Defense Manpower Data Center (DMDC) has developed a web site to assist parties in obtaining written documentation verifying whether a defendant is in the military service.